**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JENNINE LABUZAN**                                                             **PETITIONER**

**V.**                                                                     **NO. 4:26-CV-60-DMB-JMV**

**THE UNITED STATES MARSHAL
FOR THE NORTHERN DISTRICT
OF MISSISSIPPI**                                                              **RESPONDENT**

**<u>ORDER</u>**

On April 24, 2026, Jennine Labuzan, stating that "[she] is not yet physically incarcerated," filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, regarding, as she describes it, a "March 31, 2026 [order] in *Labuzan-DeLane v. Cochran & Cochran Land Co., Inc., et al.*, No 4:22-cv-149-SA-DAS [that] directs the United States Marshals Service to arrest [her] 'as soon as reasonably practicable,' directs that the magistrate judge 'SHALL NOT release' [her], and conditions [her] release on [her] execution of quitclaim deeds." Doc. #1 at PageID 1–2 (emphasis in original). The same day, Labuzan filed a pro se "Emergency Motion to Stay Execution of Bench Warrant Pending Habeas Review, for Order to Show Cause, and for Expedited Evidentiary Hearing." Doc. #2. On May 18, again pro se, Labuzan filed "Petitioner's Emergency Motion to Expedite Ruling on Petition for Writ of Habeas Corpus and Motion to Stay Execution of Bench Warrant." Doc. #5.

Because Labuzan was arrested under a bench warrant issued by the district judge in *Labuzan-Delane v. Cochran & Cochran Land Co., Inc.*,[1] but was released from custody pursuant to a June 24 order by the same district judge,[2] Labuzan's pro se motions [2][5] are **DENIED as**

---

[1] No. 4:22-cv-149-SA-DAS, at Doc. #170.

[2] *Id.* at Doc. #177.

**moot** and her pro se petition [1] for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is

**DISMISSED as moot.**[3]

      **SO ORDERED**, this 7th day of July, 2026.

                                        **/s/Debra M. Brown**
                                        **UNITED STATES DISTRICT JUDGE**

---

[3] Under 28 U.S.C. § 2241(c)(3), a federal district court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution." Once Labuzan was incarcerated for civil contempt, she was "in custody" for purposes of invoking habeas jurisdiction under § 2241. *Fernos-Lopez v. Figarella Lopez*, 929 F.2d 20, 23 (1st Cir. 1991) (per curiam); *accord Ridgway v. Baker*, 720 F.2d 1409 (5th Cir. 1983), *abrogated on other grounds by Turner v. Rogers*, 564 U.S. 431 (2011). However, Labuzan's release from custody "mooted her § 2241 petition … because there was no longer a live case or controversy for which any relief could be granted. [She] had already received the sole relief sought in her petition." *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021).